FRANK CURRAN, APPELLANT, v. WILLIAM H. CARROLL, RESPONDENT.

Argued January 20, 1925—Decided March 16, 1925.

1. A defendant in a suit triable at law cannot, by setting up an equitable defense, oust a law court of its jurisdiction to try the plaintiff's claim. And transference to Chancery, in such circumstances, cannot be made under the Transfer of Causes act.
2. The power to transfer causes from one court to another under *Pamph. L.* 1912, *p.* 417, amended *Pamph. L.* 1915, *p.* 39, can only be exercised where the transferring court has no jurisdiction to try the given cause.

On appeal from the Atlantic Circuit Court.

For the appellant, *Thompson & Hanstein* and *Clarence L. Cole.*

For the respondent, *Bourgeois & Coulomb.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This was a case in the Atlantic County Circuit Court tried before judge and jury. At the

conclusion of the testimony of the defendant on re-examination (presumably it was concluded, although the record does not disclose that fact), the court said that counsel would go with him to the other room (ante-room) for a minute. When the judge and counsel came again into court, Mr. Cole, for plaintiff, said that in view of what had happened in the conference he would move for a direction (of a verdict) in favor of plaintiff for the amount of his claim, with interest, and that the counter-claim of the defendant be disallowed and withdrawn from the jury's consideration on the ground that as the case stood it was one within the statute of frauds and so far as the defendant's counter-claim was concerned it was one for accounting in the Court of Chancery. The motion was denied and exception taken. Mr. Bourgeois, for defendant, then stated that in view of the fact that the court was going to transfer the case to a court of equity he wanted to be allowed an exception. Whereupon the judge said, *inter alia,* that he was satisfied that the case must be transferred to the Court of Chancery in order that an accounting might be taken between the plaintiff and the defendant, and he, therefore, withdrew a juror and released the balance of the jury from further consideration of the case. And then the plaintiff took an exception to the ruling.

The complaint in this cause contains two counts. The first—(1) that plaintiff entered into a written agreement with one Keener and defendant, Carroll, whereby they agreed to become equal partners in the purchase of a certain property and to equally divide the profits or losses arising from the same; (2) that in settling for the property the plaintiff, Curran, paid $36,000, his share of the cost and that of defendant, Carroll; that Carroll agreed to repay to the plaintiff his share of the money so advanced; (3) that of the money so advanced Carroll paid the sum of $15,000; that the sum of $3,000 was still due and owing to plaintiff from defendant, with interest. Judgment for $3,000 with interest, was claimed on this count. The second count was—(1) that in 1921 plaintiff sold and delivered to defendant,

Carroll, a diamond ring for which the latter agreed to pay $1,000; (2) that plaintiff demanded payment therefor. Judgment for $1,000, with interest, was claimed on this count.

The defendant, Carroll, pleaded issuably to the first count, admitting the averment that the parties entered into the agreement for the purchase of the property mentioned, and to equally divide the profits or losses. He neither admitted nor denied the allegations that plaintiff paid the sum of $36,000, being his own share and the share of Carroll in the enterprise. He denied that he paid to plaintiff $15,000 of the sum advanced, and denied that there was $3,000 still due and owing by him to the plaintiff. Pleading to the second count he admitted the purchase of the $1,000 ring; but denied that plaintiff had demanded payment of the same.

For a second defense, Carroll averred that the plaintiff and he were in partnership during the years 1919-20-21; that the transactions of which the plaintiff speaks were part of the partnership; that those transactions were only a part of many such; that defendant was not indebted to plaintiff, but plaintiff to him. Defendant also filed a counter-claim in which he detailed many alleged partnership transactions concerning the purchase and sale of real property, in which he claimed a balance due from the plaintiff to him of $73,269.58, &c.

In his reply, and answer to the counter-claim, the plaintiff denied the affirmative defenses in the answer; and as to the counter-claim, admitted paragraph 1, which was that prior to November, 1919, defendant was engaged in the real estate business, and that plaintiff claimed to have a considerable amount of money which he desired to use in the purchase, sale and development of real estate, and denied all the other allegations of the counter-claim. And for affirmative defense averred that any such agreement as defendant set up would be void unless in writing by virtue of the statute of frauds, and said that he, plaintiff, purchased property and paid the defendant a commission for all his

services in connection therewith, and that defendant never at any time was a partner of the plaintiff in any of the transactions.

. Thus it appears that there was a joinder upon the issue tendered by the plaintiff, namely, that the defendant owed him $3,000, balance due on the transaction comprehended in the written agreement relating to the purchase of a certain property and division of profit or loss, with interest, and that defendant owed plaintiff $1,000, the price of the diamond ring, with interest. It is true that defendant in the second defense averred that he and the plaintiff were in partnership and that the transactions alleged by the plaintiff concerned the partnership, and that defendant also filed a counter-claim in which he detailed many alleged partnership transactions, asserting that there was a balance due him from the plaintiff of $73,269.58: The question therefore arises—Was the trial judge right in transferring the cause to the Court of Chancery instead of retaining it and sending to the jury the issue joined on the plaintiff's complaint, which was one at law sounding in damages?

The Transfer of Causes act (*Pamph. L.* 1912, *p.* 417, § 1) provides:

"No civil cause or matter, hereafter pending in any court mentioned in the above title, which has not jurisdiction of the subject-matter, shall be dismissed for that cause only, but the cause or matter shall be transferred with the record thereof and all papers filed in the cause, for hearing and determination to the proper court, which shall thereupon proceed therein, as if the cause or matter had been originally commenced in that court. The record shall, when necessary, include a transcript of all entries and proceedings in the cause."

And section 2, as amended (*Pamph. L.* 1915, *p.* 39), provides:

"Such transfer may be made at any stage of the proceedings and upon, or without, application, and subject to rules, or the special orders of court; and upon an appeal being

taken in any such cause that had not been so transferred, the appellate court may, subject to rules, hear and decide such appeal and direct the appropriate decree or judgment pronounced thereon to be entered in the court to which such cause ought to have been transferred."

In *Commonwealth Roofing Co.* v. *Riccio,* 81 *N. J. Eq.* 486, in which a suit in Chancery was commenced to enforce a mechanics' lien claim against the owner of a building, Vice Chancellor Garrison transferred the cause to a court of law under the Transfer of Causes act (*Pamph. L.* 1912, *p.* 417), holding that the jurisdiction was concurrent in Chancery and at law, and transferred it as there were no special equity features involved. The order was affirmed, but upon the ground that Chancery had no jurisdiction and that the case was one for cognizance at law only.

A defendant in a suit triable at law cannot, by setting up an equitable defense, oust the law court of its jurisdiction to try the plaintiff's claim. Transference of cases to the Court of Chancery, in such circumstances, cannot be accomplished under the Transfer of Causes act. That act is intended only for transference of cases where the court in which they are pending has no jurisdiction on the whole case.

That the case at bar comprehended one of contract with reference to a single transaction disconnected from any general partnership, and subject to an action at law, is apparent from the plaintiff's complaint, upon which, as already remarked, the defendant joined issue. See *Moran* v. *Green,* 21 *N. J. L.* 562.

There is another contention made by the plaintiff-appellant which should be noticed. It is, that the cause was not wholly tried out in the court below. He says that no opportunity was afforded him to rebut the defendant's allegations. This is so. And while plaintiff did not specifically object to that, nevertheless, he excepted to the court's ruling transferring the cause to the Court of Chancery, and involved in that is a denial of his right to rebut the defendant's case, which had been put in by the taking of testimony.

The views above expressed lead to a reversal, to the end that a *venire de novo* may be awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, MINTURN, BLACK, KATZENBACH, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON. KAYS, JJ. 14.