ATLANTIC COUNTY CIRCUIT COURT.

LOUIS BERGES, PLAINTIFF, v. FRANK RUSSO,
DEFENDANT.

LOUIS BERGES, PLAINTIFF, v. FRANK RUSSO AND
HARRIET RUSSO, DEFENDANTS.

Decided August 25, 1947.

For the plaintiff, *Irving I. Jacobs.*

For the defendants, *Cassman & Gottlieb.*

PROCTOR, C. C. J.  This is an application for the transfer of two District Court causes to the Circuit Court, upon the ground that defendants have filed counter-claims in each suit for sums in excess of the jurisdiction of the District Court.

The plaintiff in the above entitled causes has commenced two separate suits in the Atlantic City District Court.  The first suit is based on a series of notes totaling $208.30, alleged to have been executed by the defendant Frank Russo.  The second and subsequent suit is for nine months' arrearages in rent against the said Frank Russo and Harriet Russo, his wife, aggregating $292.50.

In the first suit, Frank Russo filed an answer and counter-claim, contending that the aforesaid notes were five of a series of twelve notes of $41.66 each, which were illegal, in that they represented payment of rent in excess of the ceiling established by the Office of Price Administration under the Federal Emergency Control Act.  In the counter-claim, defendant Frank Russo alleged that the notes were illegal and void under the Federal Price Control Act, Title 50, *U. S. C. A. Appendix,* §§ 901, *et seq.,* and that he was entitled to triple damages amounting to $749.88 for money paid on other notes in the series.

In the second suit for rent a similar answer and counter-claim was filed by Frank Russo and Harriet Russo.

Subsequent to the filing of the answers and counter-claims, defendants gave notice of an application for the transfer of both causes to the Circuit Court, pursuant to *R. S.* 2:8–44, 45; *N. J. S. A.* 2:8–44, 45.

The said statute provides that "whenever, in any answer to any action brought in any district court of this state, the defendant shall file any * * * counter-claim, * * *, wherein it shall be made to appear that the amount claimed in such * * *, counter-claim, * * * shall exceed the sum or value limited for the jurisdiction of such court, such action, on application on behalf of the defendant, accompanied by an affidavit of such defendant or his duly authorized agent, that he verily believes that the amount of such claim, when established by proof, will be greater than the sum or value limited for the jurisdiction of such court, and that such * * *, counter-claim, * * * is filed in good faith and not for the purpose of delay, shall, upon order of the court, be transferred, with the record thereof and all papers filed in the case, for hearing and determination to the circuit court of the county in which such district court is situate; and the circuit court shall thereupon proceed therein as if the cause or matter had been originally commenced in that court * * *."

The statute further provides that "No action shall be transferred to a circuit court * * *, unless the judge of the circuit court to which it is intended to transfer such action shall, upon due proof * * * make an order that he finds that there is reasonable cause to believe that the * * *, counter-claim or other defensive action is founded on fact, and that there is reasonable chance for success upon the trial of the same by the party who files such * * *, counter-claim or other defensive action."

The jurisdiction of the District Court is limited to controversies involving not more than $500. *R. S.* 2:8–40; *N. J. S. A.* 2:8–40.

It has been settled that, regardless of the amount involved, the District Court has no jurisdiction in a suit to recover a penalty or exaction for the alleged violation of the Federal Emergency Price Control Act. *Zuest* v. *Ingra,* 134 *N. J. L.* 15; 45 *Atl. Rep.* (*2d*) 810.

It is manifest that the said statutory provisions authorizing removal of a cause from the District Court to the Circuit Court, relate only to cases where the former court has juris-

diction over the subject-matter, but due to its limited jurisdiction as to the amount in controversy, is precluded from adjudicating the counter-claim.

The statute requires· that the counter-claim in the District Court must be filed in "good faith." The counter-claim, being upon a cause of action not cognizable to the District Court, cannot be said to have been filed in "good faith." The want of jurisdiction over the subject-matter of the counter-claim is fundamental. *Buttoro* v. *Whalen*, 64 *N. J. L.* 461; 45 *Atl. Rep.* 981; *Broad and Branford Place Corp.* v. *J. J. Hockenjos Co.*, 132 *N. J. L.* 229; 39 *Atl.* *Rep.* (2d) 80. As the District Court did not have jurisdiction over the subject-matter (aside from the amount involved) of the counter-claims, the plaintiff should not be subjected to the removal of his suits (over which the court had jurisdiction) from the forum in which they were properly commenced.

Defendants further contend that the causes of action should be transferred where the court in which the counter-claims have been filed has no jurisdiction over the subject-matter, citing the statute relating to the transfer of causes. *R. S.* 2:26–60; *N. J. S. A.* 2:26–60. It is doubtful that the causes may be transferred under that statutory provision. That provision of the statute is intended only for the transference of a cause where the court in which it is pending has no jurisdiction on the whole case. *Curran* y. *Carroll*, 101 *N. J. L.* 329; 128 *Atl. Rep.* 164. The District Court has jurisdiction to adjudicate the claims of the plaintiff. The defendants cannot, by setting up answers and counter-claims not cognizable in that court, oust it of jurisdiction to try plaintiff's claims. *Curran* v.· *Carroll, supra*. There the·court had under consideration a case involving an equitable defense and counter-claim to an action at law, and the principle upon which that case was decided is applicable to the instant case. However, if an application is to be made to transfer the causes under the provisions of *R. S.* 2:26–60; *N. J. S. A.* 2:26–60, such application would have to be to the District Court and not to this court.

Upon the foregoing conclusions, the application is denied.